

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 108-109 |
| | ) | |
| GEORGEANN MARIE NIXON | ) | |

**ORDER**

Defendant Georgeann Marie Nixon filed a "Preliminary Motion to Suppress." In her motion, Defendant requests that an order be entered "suppressing all evidence, including any statements by the defendant to Government agents and any oral or wire communications intercepted illegally by wiretap or other electronic device, which was obtained in violation of the defendant's Fourth or Fifth Amendment rights or in contravention of 18 U.S.C. [§] 2510 et seq." (Doc. no. 26, p. 1).[1] The motion also includes a request that the Court hold an evidentiary hearing on the motion.

The decision to grant or deny a request for an evidentiary hearing on a motion to suppress is left to the Court's discretion. United States v. Cooper, 203 F.3d 1279, 1285 (11th Cir. 2000); United States v. Sneed, 732 F.2d 886, 888 (11th Cir. 1984) (*per curiam*). "[A] criminal defendant has no absolute or presumptive right to insist that the district court take

---

[1] Notably, although there is no factual support for the motion, it requests that Defendant be allowed to supplement the motion at an unspecified later date. However, a motion may not be filed outside the deadlines set by this Court at arraignment except by leave of Court upon a showing of cause. United States v. Smith, 918 F.2d 1501, 1509 (11th Cir. 1990); Fed. R. Crim. P. 12(c), (e).

testimony on every motion." United States v. Lewis, 40 F.3d 1325, 1332 (1st Cir. 1994) (affirming denial of a motion for evidentiary hearing on motion to suppress) (citation omitted).

A district court should grant a request for an evidentiary hearing when the moving papers, including the affidavits, are "sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented." United States v. Richardson, 764 F.2d 1514, 1527 (11th Cir. 1985) (quoting United States v. Poe, 462 F.2d 195, 197 (5th Cir. 1972)). However, a district court is not compelled to grant an evidentiary hearing when a defendant promises to allege at a hearing what she has failed to allege in her motion papers. Cooper, 203 F.3d at 1285. Thus, the burden is upon Defendant to allege facts that would, if proven true, entitle her to relief. Lewis, 40 F.3d at 1332. This Court has a Local Rule that addresses the proper means by which to allege those facts:

> Every factual assertion in a motion, response, or brief shall be supported by a citation to the pertinent page in the existing record or in any affidavit, discovery material, or other evidence filed with the motion. Where allegations of fact are relied upon that are not supported by the existing record, supporting affidavits shall be submitted.

Loc. Crim. R. 12.1.

Here, Defendant has provided absolutely no evidentiary detail to support any type of claim for suppression. In sum, the motion to suppress, filed without an affidavit in support from Defendant and without any evidentiary support, does not satisfy her burden of coming forward with allegations that are sufficiently definite, specific, detailed, and nonconjectural to cause the Court to conclude that a substantial claim exists.

Accordingly, the Court finds no reason to schedule this matter for a hearing unless and until Defendant files an appropriate affidavit or citations to record evidence in support of her motion to suppress. If Defendant intends to file a particularized motion to suppress in compliance with Loc. Crim. R. 12.1, she should do so no later than **ten (10) calendar days** from the date of this Order. Any supporting affidavit should set forth the specific factual allegations upon which Defendant bases her contention that her rights were violated, and if the alleged violations involved a search, "that [s]he had a legitimate expectation of privacy" in the property searched. Rawlings v. Kentucky, 448 U.S. 98, 104-05 (1980) (citing Rakas v. Illinois, 439 U.S. 128, 131 n.1 (1978)). To establish a legitimate expectation of privacy, "a defendant must demonstrate that [s]he personally has an expectation of privacy in the place searched, and that [her] expectation is reasonable," that is, recognized and permitted by society. Minnesota v. Carter, 525 U.S. 83, 88 (1998). If a particularized motion to suppress is not filed within this ten-day period, the cause requirement for filing untimely motions set forth in note one of this Order shall apply.[2]

---

[2]Defendant also filed preliminary motions to dismiss and to sever. (Doc. nos. 24, 28). She candidly admits that the motions were filed "to preserve the right to argue for" dismissal and/or severance after the due date for filing pre-trial motions. However, as explained in note 1, *supra*, a motion may not be filed outside the deadlines set by this Court at arraignment except by leave of Court upon a showing of cause. Smith, 918 F.2d at 1509; Fed. R. Crim. P. 12(c), (e). If Defendant intends to pursue the motions to dismiss and to sever, **within 10 calendar days of the date of this Order**, she must also particularize these motions, in accordance with Loc. Crim. R. 12.1, with "a memorandum of law citing supporting authorities."

Lastly, Defendant filed a "Motion to Preserve Evidence," including rough notes of agents.[3] (Doc. no. 25). Defendant does not demand disclosure or production of this evidence, merely preservation. While this material is not generally discoverable, it may later during trial have probative value for purposes of impeachment. The small inconvenience to the government is outweighed by Defendant's interest in a fair trial and the possibility that among the evidence there could be an item later needed for use at trial. Thus, this motion is **GRANTED**. The government is required to preserve all evidence in this case.

SO ORDERED this 1st day of October, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3]The Court is aware that Defendant has various other pre-trial and discovery motions pending. Those motions will be addressed, as necessary, by separate order.

4